**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**CHRISTIAN CABRERA,**<br><br>        **Defendant.** | **Crim. No.: 13-mj-3674 (MF)**<br><br><br><br>        **OPINION** |

**Falk, U.S.M.J.**

Before the Court is the motion of Defendant, Christian Cabrera, to dismiss the criminal complaint filed against him with prejudice based on an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. [ECF No. 47.] The Speedy Trial Act requires that the Government file an information or indictment within thirty days of an individual's arrest. 18 U.S.C. § 3161(b). The Act excludes some days from the thirty-day time limit. 18 U.S.C. § 3161(h).

The issue presented is whether Cabrera's Speedy Trial clock has run, and if so, whether the criminal complaint should be dismissed with or without prejudice. For the reasons that follow, the Court concludes that there is no violation of the Speedy Trial Act. Therefore, Defendant's motion is **DENIED**.

Further, the Court finds that if it was ever determined that there was a violation of the Speedy Trial Act, it was minor, inadvertent and not in bad faith, and thus, any dismissal should

be without prejudice.

## BACKGROUND

On August 13, 2013, Defendants Christian Cabrera, Diana Rivera, Cristian Metz, and Kevin Gonzalez were all charged in a single criminal complaint with one count of conspiring with each other, and others, to distribute approximately 2,000 grams of Methylone, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(C) and 21 U.S.C. § 846. (Brief of United States ("U.S. Br.") 2.)  Cabrera and his three co-defendants were arrested on August 13, 2013, and all four defendants appeared for their initial appearances the same day. (Id.)

At his initial appearance on August 13, the Court appointed the federal public defender's office to represent Cabrera.  (Brief of Defendant Christian Cabrera ("Def.'s Br.") 1.)  Since the arrest of Cabrera and his co-defendants, each defendant, including Cabrera, entered into continuance orders with the Government in an effort to resolve the matter without going to trial. (U.S. Br. 2.)  With respect to Cabrera, following his initial appearance, four successive continuance orders were entered to allow the Government and Cabrera to engage in plea negotiations.  Specifically, on August 21, an Order for Continuance was entered excluding, from Speedy Trial calculations, time from August 21 to October 14, 2013.  On October 16, 2013, a Continuance Order was entered excluding time from October 16 to December 13, 2013.  On December 23, a Continuance Order was entered excluding time from December 23 to February 7, 2014.  On February 7, 2014, a Continuance Order was entered excluding time from February 7, 2014 to April 7, 2014.  (U.S. Br. 4; Def's Br. 1-2.)

During this time period, the Government and Cabrera's counsel continued to attempt to

negotiate a plea agreement.  Indeed, the Government represents, and Cabrera does not appear to dispute, that on or around March 28, 2014, Cabrera actually signed a plea agreement.  (U.S. Br. 4-5; Def's Br. 2.)

Approximately two months after a plea arrangement appeared to be in place, Cabrera's counsel informed the Government that Cabrera wished to discharge his counsel and wanted new defense counsel appointed.  (U.S. Br. 5.)  On June 2, 2014, the Government filed a motion for a status conference with the Court based on the Government's understanding that Cabrera desired new counsel.  (Id.)  The Undersigned held a hearing on June 24, 2014, and on July 1, 2014, granted Cabrera's request for new counsel, appointing current counsel, Wanda M. Akin, Esq., to represent him.  (Id.)

On or about July 2, 2014, the Government provided Ms. Akin with a copy of the previous plea arrangement.  (Def.'s Br. 2; U.S. Br. 5.)  Also on July 2, Ms. Akin executed a continuance agreement with the Government excluding time from Cabrera's Speedy Trial clock from July 2 through September 1, 2014.  This left a gap of April 7 through July 2, 2014, where no continuance was in place for Cabrera.

On August 28, 2014, the Government was informed that Mr. Cabrera would not accept a plea arrangement and would not agree to any further continuance of his case.  (U.S. Br. 6; Def.'s Br. 3.)

On September 15, 2014, Cabrera's counsel filed a motion to dismiss the criminal complaint with prejudice, based on an alleged violation of the Speedy Trial Act.  In total, Cabrera contends that 115 "non-excludable" days have passed from the date of his arrest, the bulk of which arise out of the absence of a continuance order for Cabrera between April 7 and July 2,

2014. (Def.'s Br. 7.) Cabrera contends that the violation is inexcusable and that the dismissal should be with prejudice.

On October 6, 2014, the Government opposed the motion, arguing that no violation of the Speedy Trial Act occurred. It concedes that, due to "an inadvertent mistake," no continuance was entered for Cabrera individually from April 8, 2014 through July 2, 2014. (U.S. Br. 6.) However, the Government contends that, during the same time period, Cabrera's co-defendants—specifically, Defendants Rivera and Metz[1]—had continuances in place that, pursuant to Section 3161, tolled Cabrera's Speedy Trial clock. (U.S. Br. 6.) Based on the entry of the continuance orders in Cabrera's case and those of his co-defendants, the Government contends that the total number of days not covered by a continuance or otherwise excludable is a mere 4 days. (U.S. Br. 10.) Alternatively, the Government posits that if a violation did occur any dismissal should be without prejudice.

<b><u>DISCUSSION</u></b>

A.    **The Speedy Trial Act**

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b). The Act further provides that "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h).

---

[1] The Government states that continuances were also in place for Defendant Gonzalez, but are not material to the motion. (U.S. Br. 10 n.1.)

Included among the "periods of delay that may be excluded" are "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government."  18 U.S.C. § 3161(h)(7)(A).  An additional exclusion exists that allows "for a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).

If the Government fails to either file an information or indict the defendant within 30 "non-excludable" days from the trigger date, dismissal of the criminal complaint is warranted. 18 U.S.C. § 3162(a)(1).  However, whether dismissal of a charge should be with or without prejudice is left to the discretion of the Court.  See id.; United States v. Taylor, 487 U.S. 326, 336 (1988).

**B.**     **The Act Was Not Violated Under the Circumstances Here**

The plain language of the Speedy Trial Act is arguably dispositive of Cabrera's motion. The Government does not dispute that, with respect to continuance orders for Cabrera only, there are 93 non-excludable days that have elapsed since the date of his arrest with no indictment or information having been filed.  (U.S. Br. 13.)  If Cabrera were the only defendant in the case, there would be a clear, albeit innocent, violation of the Speedy Trial Act.  But he is not.  And as the Government has explained—and Cabrera has not effectively refuted—continuance orders have been in place for his co-defendants—Metz and Rivera—for nearly all of the 93 days at issue, leaving only 4 non-excludable days.[2]  Cabrera does not dispute that continuance orders

---

[2] The Government's brief includes charts detailing what continuance orders were in place for Caberera's co-defendants.  (U.S. Br. 7-10.)

have been in place for his co-defendants, but argues they should not apply to <u>his</u> Speedy Trial calculation.  It is a plausible argument, however, the Court disagrees.

As mentioned above, the Speedy Trial Act excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  Case law supports the notion that each continuance order entered by Cabrera's co-defendants—and thus, all "excludable time" attributable to their Speedy Trial calculations—apply to his Speedy Trial clock as well.

In <u>United States v. Brown</u>, 2013 WL 4833138 (W.D.N.Y. Sept. 10, 2013), two brothers—Kenya Brown and Shawnta Brown—were arrested and charged in a criminal complaint with narcotic and firearm offenses.  <u>Id.</u> at *1.  The two defendants entered into separate plea negotiations with the Government, and entered separate continuance orders excluding time under the Speedy Trial Act.  <u>Id.</u> at *2.  The Government continued to enter continuance orders for Defendant Shawnta Brown but did not enter corresponding orders for Defendant Kenya Brown.  <u>Id.</u> at *2.  Plea negotiations failed and the Government indicted both defendants.  <u>Id.</u>  In response, defendant Kenya Brown moved to dismiss the indictment, claiming that because the indictment was not returned against him until more than 30 days after the last continuance order he requested, the charges against him were subject to dismissal under 18 U.S.C. § 3161(b).  The court found the Speedy Trial Act "itself dispositive" of the claim. Relying on Section 3161(h)(6), the court found that the excludable time attributable to Shawnta Brown could also be applied to his co-defendant Kenya Brown's Speedy Trial clock so long as it was "reasonable" under Section 3161:

18 U.S.C. § 3161(h) delineates specific types of delay which 'shall be excluded in computing the time within which an information or an indictment must be filed. Subsection (h)(6) of Section 3161 is applicable here and provides an exclusion for: A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time of trial has not run and no motion for severance has been granted. **While this Section refers to defendants 'joined for trial' and not defendants jointly charged in a criminal complaint, the explicit language of Section (h) makes clear that the 'periods of delay' enumerated therein apply to computing 'the time within which an information *or an indictment* must be filed.' 18 U.S.C.§ 3161(h)[;] [s]*ee United States v. Martinez-Martinez*, 369 F.3d 1076, 1085 (9th Cir. 2004) ("The precise language of § 3161(h) states that the 'periods of delay' set forth in (h)(1)-(9) shall be excluded when computing the time elapsed in the pre-indictment period *or* the pretrial period.") . . . .**

The only issue then for the Court to decide is whether applying the period of delay attributable to Shawnta Brown to Kenya Brown is a 'reasonable period of delay' as required by 18 U.S.C. § 3161(h)(7)(A). *See United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007) ("Attribution of the excludable delay of one codefendant to another codefendant is not, however, automatic, rather the period of delay must be reasonable.")

Id. at *3 (emphases added).

On the facts of that case, the court found that a delay of more than a month was reasonable and the Speedy Trial Act was not violated. Id.

Cabrera correctly argues that Brown is unpublished and non-binding. He contends that his co-defendants' continuance orders "do not apply to his case and in the alternative, the pre-indictment period of delay would not be reasonable . . . ." (Defs. Reply Br. 8.)

The Court adopts Brown's reasoning in this case. As Brown and other cases like it have explained, Section 3161(h)(6) does *not* apply solely to post-indictment circumstances. See, e.g., United States v. Martinez-Martinez, 369 F.3d at 1085 ("*The precise language of § 3161(h) states*

that the 'periods of delay' set forth in (h)(1)-(9) shall be excluded when computing the time elapsed in the pre-indictment period or the pretrial period.") (emphasis added); United States v. Alli, 2009 U.S. Dist. LEXIS 102057, at *4-5 (D. Minn. Oct. 30, 2009) (the Speedy Trial Act "makes no distinction regarding the applicability of exclusions under § 3161(h)(6) to the pre-indictment period . . . and the pretrial period." (emphasis added) (citing United States v. Pete, 525 F.3d 844, 852 (9th Cir. 2008))).[3]

Therefore, as in Brown, the only issue to be decided is whether the "period of delay" in this case is reasonable.  See 18 U.S.C. § 3161(h)(7)(A).  Under the particular facts and circumstances here, the delay was reasonable.  Cabrera was arrested in August 2013.  He admits to having entered into numerous continuance agreements while plea discussions were ongoing.  It has also been represented that, on March 28, 2014, Cabrera signed a plea agreement.  While not legally significant, it bears on reasonableness in the real world.  This is noteworthy here since the Government was apparently advised of this just a few days before Cabrera's continuance order expired on April 7, 2014.  Although not excusable on this ground, it provides an understandable explanation for the unmindful breaks.

Cabrera disputes certain interactions with original court-appointed counsel, including repeatedly disputing the time period that plea negotiations were ongoing.  Yet, he apparently concedes that at one point a plea agreement was executed, since he states that one direction given to his formal counsel was "to refrain from forwarding the March 2014 executed plea offer."

---

[3]In the post-indictment (but prior to trial) context, case law is clear that excludable delay attributable to one defendant applies equally to all non-severed defendants.  See, e.g., United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir. 1993) ("[A] motion for a continuance by counsel for [a] co-defendant would create excludable days for [the defendant].");  United States v. DiPasquale, 740 F.2d 1282, 1293 (3d Cir. 1984).

-8-

(Defs.' Reply Br. 9 (emphasis added).)

Whether Cabrera was or was not in plea negotiations and when is not ultimately dispositive of his Speedy Trial calculation. The Government does not argue that time supposedly spent in plea negotiations is "excludable" for purposes of calculating Cabrera's Speedy Trial clock simply because negotiations were ongoing—instead, the time would only be excludable if it were also covered by a continuance order entered as to Cabrera or his co-defendants (which it was).

At worst, this history suggests possible confusion about Cabrera's plea status and the relationship with his prior counsel. Moreover, Cabrera's conduct does not reflect a defendant entirely disinterested in a plea deal. Nor has Cabrera ever made a formal application for pretrial release. In fact, he has consented to his continuing detention. Moreover, Cabrera points to the April 7 to July 2, 2014 time period as violating his Speedy Trial rights; yet, another continuance order was entered on July 2, 2014, excluding additional time from his Speedy Trial clock.

Even if Cabrera did not engage in any further plea negotiations from March 2014 until September 2014, when he filed his motion to dismiss the Complaint, the Court would still find the period of delay reasonable, given the entry of continuance orders for his co-defendants, his lack of objection to same, and the fact that he at one point signed a plea agreement—even if it was never "finalized."

Based on the above, the Court finds that Cabrera's rights under the Speedy Trial Act were not violated. The period of unexcused delay is four (4) days. Therefore, the motion to dismiss is

denied.[4]

## C.      If the Act Was Violated, Any Dismissal Would be Without Prejudice[5]

A violation of the Speedy Trial Act warrants dismissal of a criminal complaint.  18

U.S.C. § 3162(a)(1).  However, "Congress did not intend any particular type of dismissal to serve

as the presumptive remedy for a Speedy Trial Act violation."  Taylor, 487 U.S. at 334.  In

determining whether to dismiss a complaint with or without prejudice, a court must consider:

"[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the

dismissal; and [3] the impact of a re-prosecution on the administration of this chapter and the

administration of justice."  United States v. McNeil, 416 Fed. Appx. 227, 229 (3d Cir. 2011); see

also United States v. Watkins, 339 F.3d 167, 174 n.4 (3d Cir. 2003).[6]

**First**, the offense is clearly serious.  The charges carry a maximum potential sentence of

20 years' imprisonment and the potential for a fine of up to $1,000,000.  21 U.S.C. §

---

[4] Cabrera requested oral argument and a hearing on the present motion.  See Letter dated January 11, 2015.  The Court need not grant oral argument nor explain its reasons for declining to do so.  Nevertheless, no argument is necessary, in part, because Cabrera would not be in a position to give testimony on any subject that is material to the Court's decision.  For example, whether Cabrera's co-defendants' continuance orders apply to Cabrera's Speedy Trial clock is a pure legal question.  Likewise, the Court considers any delay to be "reasonable" based on the facts that are undisputed—e.g., the fact that there were, at some point, plea negotiations, and that a plea agreement was signed.

[5] It is unnecessary to decide what type of dismissal would be appropriate since the Court finds no violation of the Act occurred.  However, since there is no binding precedent (other than the language of the statute) cited by either party nor found by the Court for the finding, the Court thinks it important to emphatically state that even it was deemed to be a violation, a dismissal should be without prejudice.

[6] Prejudice to the defendant is also a relevant factor even though it is not enumerated within the Act itself; it is often considered in connection with the third prong of the standard.  See, e.g., United States v. Arias-Ruiz, 2009 WL 704168, at *2 n.3 (D.N.J. Mar. 16, 2009).

841(b)(1)(C).  Indeed, the length of Cabrera's potential incarceration clearly shows that the charge is serious.  See, e.g., Munoz v. United States, 462 Fed. Appx. 172, 175 (3d Cir. 2011) ("Sentencing ranges are one indication of a crime's seriousness . . . ."); U.S. v. Melguzio, 824 F.2d 370, 371 (5th Cir. 1987) (possible sentence of 10 years is serious).

 **Second**, the circumstances surrounding the case exclude a dismissal with prejudice. Dismissal with prejudice is a harsh remedy that is not employed absent a showing of intentional misconduct or bad faith on the part of the Government.  See, e.g., United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir. 1993); Gov't of the V.I. v. Francis, 98 F.R.D. 626, 632 (D.V.I. 1983). Mere negligence by the Government is not enough to warrant dismissal with prejudice.  See, e.g., United States v. Cano-Silva, 402 F.3d 1031, 1036 (10th Cir. 2005) ("Whenever a Speedy Trial Act violation takes place, it is very likely the government has made a mistake of some sort; in order to secure a dismissal with prejudice, a defendant must do more than point to that mistake with rising indignation.").  Moreover, "[t]he District of New Jersey has held that dismissal with prejudice should be reserved for cases in which there are regular and frequent indications of negligence, or evidence of an intent to delay with the purpose of gaining a strategic or tactical advantage."  United States v. Cox, 2011 WL 5023499, at *11 (D.N.J. Oct. 19, 2011) (Linares, J.) (citations omitted).  Thus, it is not surprising that dismissals for violations of the Speedy Trial Act in this District are overwhelmingly without prejudice.  See id.; see also United States v. Perez, 2014 WL 2581050, at *2 (D.N.J. June 6, 2014) (Cecchi, J.); United States v. Hall, 2014 WL 1744773 (D.N.J. May 1, 2014) (Wolfson, J.); Arias-Ruiz, 2009 WL 704168, at *2 (Salas, J.); United States v. Pinkhasov, 2009 WL 150669, at *1 (D.N.J. Jan. 21, 2009) (Chesler, J.).

 The facts of this case have already been discussed above.  At the very worst, there was

-11-

innocent, inadvertence by the Government that was likely caused by confusion over Defendantplea status.  For some time, plea negotiations were ongoing.  Indeed, it appears at one point that Cabrera signed a plea agreement.  There were also delays attributable to filing of motions and the change in defense counsel.  The Court has found that there was no violation of the Act; but even if there was, it is apparent that it was the result of innocent confusion between and among the United States Attorney's Office and Cabrera and his various counsel.  This is so regardless of whether Cabrera actually signed a plea agreement or whether he authorized the entry of continuance orders.[7]  There is absolutely no indication that the Government acted intentionally or in bad faith.  The facts here do not approach the level that would be necessary to justify a dismissal with prejudice.

**Third**, the impact of re-prosecution and prejudice to the Defendant.  Again, to the extent any dismissal were appropriate, these considerations would plainly favor dismissal without prejudice.  Cabrera notes that he has been incarcerated for over a year and that has impacted his ability to prepare his case for trial.  The Court, however, discerns no prejudice to the defendant. He consented to detention and has never presented a bail package for the Court's consideration. Moreover, the delay in this case, even assuming the Act has been violated, is minor and does not shock the conscience or raise the specter of tangible prejudice to Cabrera.  See, e.g., Arias-Ruiz, 2009 WL 704168, at *3 (citing, *inter alia*, United States v. Saltzman, 984 F.2d 1087, 1094 (10th

---

[7] Despite Cabrera's repeated assertion that he did not authorize the entry of continuance orders, it is not clear that is materially relevant for purposes of this motion.  See, e.g., United States v. Tejada, 2013 WL 3786299, at *3 (D.N.J. July 17, 2013) ("If Congress intended for a defendant to maintain sole control over the decision to move for a continuance, it would not have included language in the statute specifically allowing a defense attorney to seek a continuance.  Nothing in the statute requires the defendant to consent to a continuance.") (citations omitted).

Cir. 2002) (holding that a violation of nearly seven months is not enough, by itself, to compel

dismissal with prejudice))).  Likewise, Cabrera's claim that it is "inevitable" that witnesses'

memories have faded is speculative and without any support in the record.

Based on the above, if the Speedy Trial Act was violated, the appropriate remedy would

be a dismissal without prejudice.

## **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss the criminal complaint is

**DENIED**.  An appropriate Order will be entered.

**SO ORDERED.**

**s/Mark Falk**
**MARK FALK**
**United States Magistrate Judge**

**DATED:  January 21, 2015**